IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| L. Michelle Mann, | ) | Case No. 0:23-cv-05458-JDA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| LPL Financial LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendant. [Doc. 4.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

On July 19, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted in part and denied in part. [Doc. 16.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [Doc. 16-1.] Plaintiff filed objections on August 2, 2024 [Doc. 17], and Defendant filed a reply on August 16, 2024 [Doc. 19]. The motion is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify

the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

This action arises out of Plaintiff's employment with Defendant at its Fort Mill, South Carolina campus. [Doc. 1-1 ¶ 6.] Plaintiff, a black female, was employed in the Customer Care Center and originally reported to Shakela "Kee-Kee" Featherson. [*Id*. ¶¶ 1, 7–8.] During Plaintiff's employment, Featherson made comments to Plaintiff that she would never hire another female employee and that Plaintiff should apply for positions outside of the department. [*Id*. ¶¶ 10–11.] Plaintiff reported these comments to Defendant, and Featherson became increasingly angry and short-tempered toward Plaintiff as a result. [*Id*. ¶¶ 12–13.]

In June 2021, Plaintiff was denied a promotion to another department because she had not served in her then-current role for one year, but a white male coworker who had been employed in his then-current role less than one year was granted a similar promotion. [*Id*. ¶ 14.] Plaintiff took medical leave between July 15 and July 27, 2021, and took a pre-planned vacation in August 2021. [*Id*. ¶¶ 15, 17.] On August 14, 2021, Featherson suddenly passed away. [*Id*. ¶ 18.] Shortly after Featherson's passing, Plaintiff expressed interest in transitioning to the AV Team and, after shadowing an AV

2

Tech and applying for a position, was offered an AV Team position on October 1, 2021. [*Id*. ¶¶ 20–24.]

On October 4, 2021, Plaintiff met with supervisor Daniel Kummer to discuss her mid-year performance review, during which Kummer expressed that Featherson had noted concerns with Plaintiff's metrics being off track but that he disagreed with Featherson's management style. [*Id*. ¶¶ 9, 25.] Nonetheless, on October 5, 2021, Plaintiff was presented with her written mid-year review from Kummer, which listed her performance rating as "off track." [*Id*. ¶ 26.] Kummer stated in the review that Plaintiff's time off from work, including non-paid days beyond her accrued PTO, was the basis for the off-track rating. [*Id*.] The next day, on October 6, 2021, Plaintiff was informed that her AV Team offer was revoked. [*Id*. ¶ 27.] Plaintiff submitted her resignation on October 7, 2021, and subsequently filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on July 27, 2022.[1] [*Id*. ¶¶ 5, 29; Doc. 4-1.]

On September 14, 2023, Plaintiff filed this action in the York County Court of Common Pleas, alleging claims of disability discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA") and race and sex discrimination and

---

[1] Generally, when deciding a Rule 12(b)(6) motion, the Court may consider only the allegations contained within the complaint. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). However, the Court may also consider attachments to a defendant's motion to dismiss when the attachments are "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge [their] authenticity." *Id*. (first alteration in original) (internal quotation marks omitted). District courts within the Fourth Circuit have held that a plaintiff's charge of discrimination is integral to the complaint in an employment discrimination case. *See, e.g.*, *Uzzolino v. Corriveau*, No. 9:22-1738-RMG, 2023 WL 238065, at *2 (D.S.C. Jan. 18, 2023).

retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").  Defendant removed the action to this Court on October 27, 2023.  [Doc. 1.] On November 10, 2023, Defendant filed a motion to dismiss, arguing, inter alia, that Plaintiff's claims based on the failure to promote in June 2021 and series of alleged acts by Featherson are time barred pursuant to 42 U.S.C. § 2000e–5(e)(1), as they occurred more than 300 days before Plaintiff filed the Charge on July 27, 2022.  [Docs. 4 ¶ 4; 4-9 at 1, 7–9, 11–13.]  Three hundred days prior to July 27, 2022, was September 30, 2021. Plaintiff filed a response on December 12, 2023, and Defendant filed a reply on December 19, 2023.  [Docs. 9; 10.]

## APPLICABLE LAW

### Rule 12(b)(6) Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Even so, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31–32 (4th Cir. 1985).  If matters outside the pleadings are presented to and

not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

As for well pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled

to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

**Title VII Exhaustion of Administrative Remedies**

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Further, when a plaintiff asserts a claim under the ADA, she must do so in accordance with the enforcement procedures outlined in Title VII. *See* 42 U.S.C. § 12117. In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(e)(1); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The failure to file a timely charge with the EEOC bars the claims in federal court. *McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994).

## <u>DISCUSSION</u>

**The Magistrate Judge's Recommendations and Plaintiff's Objections**

The Magistrate Judge recommends that Defendant's motion to dismiss be granted as to Plaintiff's hostile work environment claims and as to any of Plaintiff's claims that are based on conduct that occurred prior to September 30, 2021, because they fall outside

6

of the 300-day limitations period.[2]  [Doc. 16.]  The Magistrate Judge further recommends that Defendant's motion to dismiss be denied as to Plaintiff's claims that are based on conduct that occurred after September 30, 2021; specifically, Plaintiff's claims regarding her off-track performance review on October 5, 2021, the revocation of her offer of employment on the AV Team on October 6, 2021, and her alleged constructive discharge on October 7, 2021.  [*Id.*]

In her objections, Plaintiff objects to the Magistrate Judge's recommendation that her hostile work environment claims be dismissed.[3]  [Doc. 17 at 2–4.]  Plaintiff argues that several contributing acts occurred within the statutory period such that her hostile work environment claims should be considered under the continuing violation theory, and that the Magistrate Judge failed to properly consider all of the alleged conduct in its totality. [*Id.*]  Further, as to her retaliation claims, Plaintiff acknowledges that discrete acts outside of the limitations period may be time barred but contends that her claims for retaliatory

---

[2] The Magistrate Judge noted that Plaintiff concedes that her allegation that Defendant denied her a promotion in June 2021 constitutes a discrete act of discrimination and is therefore not actionable because it occurred prior to September 30, 2021.  [Doc. 16 at 6.] Plaintiff does not object to this finding by the Magistrate Judge or to the recommendation that her claims based on the denial of the June 2021 promotion be dismissed.  [*See generally* Doc. 17.]    Having reviewed the Report, the record in this case, and the applicable law, the Court finds no clear error.  Thus, the Court accepts the Report with respect to Plaintiff's claims based on the promotion denial in June 2021, and incorporates those portions of the Report by reference.

[3] Other than Plaintiff's allegation that she was denied a promotion in June 2021, all of Plaintiff's allegations regarding conduct that occurred prior to September 30, 2021, appear to support her hostile work environment claims.  [*See generally* Doc. 1-1.]  Thus, although Plaintiff does not specifically object to the Magistrate Judge's recommendation that "Defendant's motion be granted as to any claims raised by Plaintiff that occurred prior to September 20, 2021," the Court will treat Plaintiff's arguments regarding her hostile work environment claims as objections to the same.

hostile work environment should include conduct before September 30, 2021, as it is part of the continuing violation.[4]  [*Id*. at 4.]

**Analysis**

The issue before the Court is whether Plaintiff's allegations regarding the discriminatory treatment by Featherson—who passed away on August 14, 2021—are part of a series of acts that, together with acts that occurred after September 30, 2021, created a hostile work environment.   The Magistrate Judge concluded that the allegations regarding Featherson's treatment of Plaintiff are untimely, and that any additional allegations regarding conduct that occurred within the limitations period are insufficient to either resurrect the untimely conduct or sufficiently allege a hostile work environment claim on their own.  [Doc. 16 at 11.]  The Magistrate Judge further concluded that any retaliation claim based on conduct by Featherson is untimely and dismissal is appropriate. [*Id*.]  The Court agrees.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (internal quotation marks omitted).  Conduct occurring outside the limitations period may still be timely under the continuing violation doctrine "so long as an act contributing to that hostile environment takes place within the statutory

---

[4] Neither party has objected to the Magistrate Judge's recommendation that Defendant's motion to dismiss be denied as to Plaintiff's claims that are based on conduct that occurred after September 30, 2021.  Having reviewed the Report, the record in this case, and the applicable law, the Court finds no clear error.  Thus, the Court accepts the Report with respect to Plaintiff's claims based on conduct that occurred after September 30, 2021, and incorporates those portions of the Report by reference.  The Court will therefore focus its analysis on the Report's recommendations on Plaintiff's hostile work environment claims.

time period." *Id.* at 105.  When a hostile environment claim is timely under this doctrine, the Court may consider "the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period." *Id.*

The discrimination Plaintiff alleges contributed to a hostile work environment is as follows: in the spring and early summer of 2021, Plaintiff was subjected to discriminatory treatment by Featherson, including comments that Featherson would never hire another female employee, encouragement to apply for positions outside of the department, and an increase in her anger and short temperament toward Plaintiff after Plaintiff reported the discriminatory comments.  [Doc. 1-1 ¶¶ 10–13; 59.]  Plaintiff also alleges that on October 1, 2021, she was offered a position on the AV Team; her mid-year performance review on October 5, 2021, listed her performance as "off track" because of her excessive time off from work; on October 6, 2021, her offer for the AV Team was revoked, and she resigned on October 7, 2021.  [*Id.* ¶¶ 24, 26, 27–28.]

Plaintiff does not argue in her objections that any of the alleged discriminatory or retaliatory conduct that occurred after September 30, 2021, is sufficient to constitute a hostile work environment on its own.  Instead, Plaintiff contends that she "has alleged a series of acts that together constitute a hostile work environment."  [Doc. 17 at 2.]  She argues that the Magistrate Judge incorrectly applied the continuing violation theory by first considering the conduct alleged within the 300-day limitation period—Plaintiff's off-track performance review, revocation of the AV Team offer, and constructive discharge—and determining that it is not sufficiently severe and pervasive to constitute a hostile work environment claim on its own, rather than considering all of the alleged actions, including those outside of the limitations period, *together* to determine the existence of an

actionable hostile work environment claim.  [*Id*. at 3.]  While it is true that "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability," *see Morgan*, 536 U.S. at 117, the Court agrees with the Magistrate Judge that Plaintiff's allegations of discriminatory treatment by Featherson are not sufficiently related to the alleged discriminatory actions that took place after September 30, 2021, so as to constitute a continuing violation, *see Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 621 (E.D. Va. 2011) ("[I]n order for several events to qualify as part of the same hostile work environment, all of the incidents must be so significantly related to each other as to comprise one unitary and ongoing unlawful employment practice."); *see also Priest v. City of Abbeville*, No. 8:15-2548-TMC, 2017 WL 1173586, at *7 (D.S.C. Mar. 30, 2017) (holding that alleged sexual harassment by different offenders during different time periods was not part of a single, continuing violation); *Oliver v. Clinical Pracs. of Univ. of Pa.*, 921 F. Supp. 2d 434, 445 (E.D. Pa. 2013) ("Acts that are taken by two different supervisors, acting independently, over different time periods generally demonstrate isolated events rather than a persistent, ongoing pattern of discrimination.").

Likewise, Plaintiff has not sufficiently alleged that her retaliation claims based on conduct by Featherson should be considered a continuing violation with any alleged retaliatory conduct that occurred after September 30, 2021.   Therefore, the Court grants Defendant's motion to dismiss as to Plaintiff's hostile work environment claims.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge [Doc. 16] and incorporates it by reference.  Defendant's motion to dismiss [Doc. 4] is GRANTED IN PART and DENIED IN PART.  Defendant's motion is

granted with prejudice as to Plaintiff's hostile work environment claims and any claims raised by Plaintiff based on conduct that occurred prior to September 30, 2021, and denied as to Plaintiff's claims based on conduct that occurred after September 30, 2021.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 10, 2025
Columbia, South Carolina